Per Curiam.

The mortgage covering the automobile involved in this case reads in part as follows:
“That said mortgagor shall retain possession of said chattels during the existence of this mortgage and shall not use the same in any way except to display them in his sales room at city of Cleveland, state of Ohio; that the said mortgagor may sell each of said chattels in the regular course of his retail trade at its usual retail price for cash or upon such terms and conditions as the mortgagee may approve in writing; that in the event the mortgagor so sells any one or more of such chattels the proceeds of each such sale, and the evidence thereof in whatever form the same may be shall be the property of the mortgagee and shall be held in trust by the mortgagor for the use and benefit of the mortgagee and the mortgagor agrees as such trustee to deliver such proceeds and such evidence of sale immediately upon his receipt thereof to the mortgagee to be applied by it toward the reduction of the indebtedness secured by this mortgage.”
*267 The record in this case amply supports the conclusion that for the better part of the last year of its agency business, Popovic was “out of trust” with the plaintiff, using monies received from current sales to pay on accounts that were then in default. That this situation was well known to the plaintiff is shown by the fact that it had loaned money to Popovic in an amount in excess of $18,000, all of which was used by Mutual either to reduce .prior arrearages of Popovic or to reduce the amount of the wholesale mortgage lien on used cars then a part of Popovic’s used-car inventory.
Further, frequent floor-plan checks were made by plaintiff of Popovic’s inventory, and what might charitably be called weak excuses for nonpayment by Popovic were accepted by plaintiff. Even after Popovic put new capital into the business as a condition of retaining its agency, there is no indication in the record that its “out of trust” violations were less frequent.
Although many points have been raised by brief and argument concerning the effect of the Ohio certificate of title law on this situation, we agree that this controversy can be determined without resort to a discussion of the title law, and in that respect we agree with and adopt the following analysis of Judge Skeel in the majority opinion of the Court of Appeals:
“From the foregoing facts, aided by the provisions of the mortgage, the conclusion is inescapable that Popovic was acting as the agent of Mutual in making this sale and collecting the money paid. * * * ÉÉ* # # a
“The claim that the buyer must accept full responsibility under the title law by asking to see such title document before paying his money is without legal foundation upon the facts in this case. The title law was passed for the purpose of preventing fraud and deception in passing title to automobiles, not to encourage it. The purchaser, as well as the lending agency, is entitled to its benefits. Where a lending agency has full knowledge of the continued defaults of an automobile dealer with which it is associated, that is, that he is using cash received in the most recent sales to pay off floor-plan liens held by such lending agency in earlier sales transactions or where the facts áre such as are so obvious that knowledge thereof must be im *268 plied, the lending agency cannot shut its eyes to reality and attempt to avoid responsibility by claiming rights or immunity under the title law. * * * a # # *
“* * * It seems incredible that judicial interpretation of the motor vehicle title law should find within its provisions a legislative purpose to defeat the right of an innocent purchaser for value, when the holder of the mortgage and the manufacturer’s statement or certificate of origin expressly consents to exposing the automobile covered by the mortgage for sale, and actually consents to the sale, making the dealer its representative or trustee for collecting and accounting to it for the proceeds of the sale when both dealer and mortgagee are attempting to accomplish a common purpose.
“The conditions of the sale to Kozoil authorized by the mortgagee have been fully performed by the buyer; this plaintiff, having taken part in the common purpose to effect such sale, should be directed to present to this defendant a certificate of title as provided by law.”
Accordingly, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Radcliee and O’Neill, JJ., concur.
• Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.